# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IDEARC MEDIA LLC,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID J. GLASSMAN,<br><br>                Defendant. | CIVIL ACTION<br><br>No. 10-1216 |

Pollak, J.                                                                                                                                                                                                             February 14, 2011

## **MEMORANDUM**

### I.

Plaintiff Idearc Media LLC ("Idearc") publishes the Verizon Print Directories. In 2007, Idearc began publishing advertisements, in various phone directories, for defendant David Glassman's law office. On March 31, 2009, Idearc filed for Chapter 11 bankruptcy. *In re Idearc Media LLC,* No. 09-31836 (Bankr. N.D. Tex.). In May of 2009, Idearc's petition was consolidated with the bankruptcy proceedings of its parent company, Idearc, Inc. *Id.* (docket no. 4); *see also In re Idearc, Inc.*, No. 09-31828 (Bankr. N.D. Tex. filed March 31, 2009). On December 22, 2009, the bankruptcy court confirmed a Joint Plan of Reorganization. *In re Idearc Inc., et al.*(docket no. 1639).

On February 17, 2010, Idearc filed a breach of contract action against Glassman in the Court of Common Pleas of Philadelphia County, demanding over $90,000 in damages. Idearc alleges that Glassman failed to pay any part of the fees he owed Idearc for advertising services.

The action was properly removed to this court on March 19, 2010, on diversity grounds, and Glassman filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting that this court lacks subject matter jurisdiction because Idearc does not have standing. Glassman alternatively argues that Idearc's suit should be dismissed under the doctrine of judicial estoppel.

Glassman contends that Idearc does not have standing because it failed to disclose this cause of action during the bankruptcy proceedings. Thus, Glassman contends, the cause of action remains property of the bankruptcy estate and cannot be asserted by Idearc. Idearc concedes that it did not schedule this cause of action in its bankruptcy proceedings, but it argues that it was under no obligation to do so because the claim did not accrue until after it filed for bankruptcy.

## II.

Glassman's Rule 12(b)(1) motion is a factual attack on subject matter jurisdiction because he alleges that certain facts outside the scope of the complaint demonstrate that Idearc lacks standing. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("[W]e must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings."). In assessing a factual attack on jurisdiction, "[t]he court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

## III.

Glassman's standing argument rests on an incomplete reading of the Bankruptcy Code and on caselaw that applies to Chapter 7 debtors and not to Idearc, a Chapter 11 debtor. The

distinction in the standing analysis for each type of debtor was discussed extensively by the Bankruptcy Appellate Panel for the Ninth Circuit in *Diamond Z Trailer Inc. v. JZ L.L.C.*, 371 B.R. 412 (9th Cir. BAP 2007). Under 11 U.S.C. § 521(1), a bankruptcy debtor—whether under Chapter 7 or Chapter 11—must file, *inter alia*, a schedule of assets and liabilities as well as a statement of financial affairs. Moreover, § 554(d), which also applies to both Chapter 7 and Chapter 11 debtors, mandates that, at the close of bankruptcy proceedings, unscheduled property is "not abandoned" to the debtor, and thus remains part of the estate. For Chapter 7 debtors, this means that failure to schedule a pre-petition asset or cause of action deprives the debtor of standing to pursue that claim for his or her own benefit in a non-bankruptcy proceeding. *See In re Kane*, __ F.3d __, 2010 U.S. App. LEXIS 25899, no. 09-4254, * 11 (3d Cir. 2010) ("[C]ourts have held that where a [Chapter 7] debtor conceals an asset or fails to schedule it, the asset remains the property of the bankruptcy estate and, accordingly, the debtor can be found to lack standing to pursue its further disposition."); *Hutchins v. I.R.S.*, 67 F.3d 40, 43 (3d Cir. 1995) ("[T]he failure to schedule the refund is fatal to [plaintiff's] claim."). However, as the *Diamond Z* court noted, § 1141(b)—which applies to Chapter 11 debtors, but not Chapter 7 debtors—precludes the same standing analysis for Chapter 11 debtors such as Idearc. Section 1141(b) mandates that "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests *all* of the property of the estate in the debtor." 11 U.S.C. § 1141(b) (emphasis added). Thus, even if a Chapter 11 debtor fails to schedule a cause of action during bankruptcy proceedings, that cause of action vests in the debtor and the debtor has standing to sue. *Diamond Z Trailer Inc.*, 371 B.R. at 418. The *Diamond Z* court concluded that

> [t]he effect of presumptively vesting all of the property of the estate in the chapter 11

3

> . . . debtor upon plan confirmation means that decisions holding that chapter 7 debtors lacks standing to sue on a claim owned by the estate are limited to chapter 7 cases and to those chapter 11 . . . cases in which the plan or the order confirming the plan alters the § 1141(b) . . . vesting rule. When property of the estate has been vested in the debtor, it cannot be said that the chapter 11 debtor has no standing after the case is closed.

*Diamond Z Trailer Inc.*, 371 B.R. at 419.

The *Diamond Z* analysis is persuasive, and Glassman has not cited to any controlling precedent to the contrary. Accordingly, Glassman's 12(b)(1) motion to dismiss for lack of standing is denied.[1]

### IV.

Glassman frames his judicial estoppel argument as part of his 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Because judicial estoppel is an affirmative defense that does not attack jurisdiction, his argument is more properly considered under Rule 12(b)(6). *See Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) ("[A]n affirmative defense may be raised on a 12(b)(6) motion if the predicate establishing the defense is apparent from the face of the complaint."); *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. Pa. 1991) ("A plaintiff may be prejudiced if what is, in essence, a Rule 12(b)(6) challenge to the complaint is treated as a Rule 12(b)(1) motion.").

---

[1] Glassman also argues that Idearc does not have standing because the entity "Idearc Media LLC" no longer exists. Glassman notes, in this regard, that the verification of the complaint is on behalf of "SuperMedia LLC f/k/a Idearc Media LLC . . . ." and that plaintiff has failed to allege that the cause of action was assigned to SuperMedia LLC. However, Rule 17(a) provides that "no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until, after objection, a reasonable time has been allowed for the real party in interest to . . . be substituted into the action." Fed. R. Civ. Proc. 17(a). Idearc agrees that SuperMedia LLC is the real party in interest, and states that Idearc has merely changed its name to SuperMedia LLC. *See* Ans. to Mot. to Dismiss at 1–2. Accordingly, Idearc is afforded "a reasonable time" to move this court to substitute SuperMedia LLC as the plaintiff in this action.

4

In order to survive a motion to dismiss for failure to state a claim, a complaint need only include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus a plaintiff must include sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In reviewing a 12(b)(6) motion, "the facts alleged [in the complaint] must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Reasonable inferences must be drawn in favor of the plaintiff. *Id.*

## V.

"The basic principle of judicial estoppel . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996). The party asserting judicial estoppel must show that 1)"the party to be estopped must have taken two positions that are irreconcilably inconsistent;" 2) the change in position was undertaken in bad faith; and 3) "no lesser sanction would adequately remedy the damage." *Krystal Cadillac–Olds GMC Truck v. General Motors*, 337 F.3d 314, 319 (3d Cir. 2003) (quoting *Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 779–80 (3d Cir. 2001)). The doctrine may be applied to preclude a bankruptcy debtor, who has failed to disclose a cause of action during bankruptcy proceedings, from later asserting that claim. *See Krystal Cadillac–Olds GMC Truck*, 337 F.3d at 320–26. In

5

the bankruptcy context, "a rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose." *Id.* at 321.

Glassman's judicial estoppel argument must be rejected at this stage of the litigation. Idearc concedes that it did not schedule "this cause of action" in its bankruptcy proceedings, and argues that it was under no obligation to do so. *See* Pl.'s Supplemental Mem. at 1.[2] But even if Idearc did have an obligation to disclose, and even if it failed to do so, judicial estoppel might not apply because Idearc may be able to rebut the inference of bad faith. For example, it may be that Idearc "derived and intended no appreciable benefit from its nondisclosure," that the bankruptcy court has authorized or approved of this litigation, or that the creditors will receive a portion of the recovery in this action. *See Ryan Operations G.P.*, 81 F.3d at 363–64. These possibilities reinforce the principle that "[t]he applicability of judicial estoppel is fact-specific." *In re: Kane,* 2010 U.S. App. Lexis 25899 at *17.

Accordingly, it is not apparent from the face of the complaint that judicial estoppel should apply here, and as of now Glassman's motion to dismiss on the basis of judicial estoppel must be denied. Denial of this motion to dismiss, challenging the complaint on its face, is without prejudice to reconsideration of the judicial estoppel issue in the light of future factual

---

[2] Idearc asserts that the cause of action did not accrue until April 2009. This statement seems hard to harmonize with the averments of its complaint, which demands damages for services rendered dating back to 2007. However, as with the question whether Idearc's failure to schedule its claim in the bankruptcy proceedings precludes it from asserting the claim in this court, dismissal at this stage would be premature. *See Krystal Cadillac–Olds GMC Truck*, 337 F.3d at 325 (noting that party to be judicially estopped must be given a "fair opportunity to argue that the doctrine [does] not apply"—an opportunity that may call for factual development).

development.³

       An appropriate order accompanies this memorandum.

---

³ Glassman also contends that this action should be dismissed because he intends to file a counterclaim, and that he cannot do so because of the automatic stay imposed during bankruptcy proceedings. *See* 11 U.S.C. § 362(c)(2) (providing, *inter alia*, that automatic stay is imposed until bankruptcy case is closed or dismissed). However, Glassman gives no reason, nor does he cite any authority, that would require dismissal of Idearc's action under these circumstances. This asserted ground for dismissal is accordingly rejected.